IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

        Plaintiff,

v.

11843 HANNIBAL STREET, COMMERCE CITY, CO;
7361 MAD RIVER ROAD, MAD RIVER, CA;
2001 FORD F-250 XL, VIN #1FTNW21F01EA67656;
2000 VOLVO S80-16, VIN #YV1TS90DXY1094497;
$10,315.00 IN UNITED STATES CURRENCY;
$6,934.00 IN UNITED STATES CURRENCY;
$4,130.00 IN UNITED STATES CURRENCY;
$3,967.00 IN UNITED STATES CURRENCY;
$1,091.00 IN UNITED STATES CURRENCY;
$30,947.50 SEIZED FROM E-TRADE ACCT. XXXXXX8410;
$30,007.82 SEIZED FROM US BANK ACCT. XXXXXXXX1124;
$25,629.65 SEIZED FROM JP MORGAN CHASE BANK ACCT. XXXXXXX6097;
$19,680.12 SEIZED FROM FIRST BANK ACCT XXXXXX1991;
$16,019.66 SEIZED FROM CORE FIRST BANK & TRUST XXX7692;
$10,572.89 SEIZED FROM US BANK ACCT XXXXXXXX0439;
$6,200.50 SEIZED FROM EDWARD JONES ACCT XXXX4700-1-0;
$5,899.72 SEIZED FROM US BANK ACCT XXXXXXXX6172;
$5,666.93 SEIZED FROM US BANK ACCT XXXXXXXX0698;
$2,937.27 SEIZED FROM BELLCO CREDIT UNION ACCT XXXXX7138;
$1,125.31 SEIZED FROM BELLCO CREDIT UNION ACCT XXXXX7229;
$15,232.74 SEIZED FROM TCF NATIONAL BANK ACCT XXXXXX6528;
$5,525.59 SEIZED FROM PUBLIC SERVICE CREDIT UNION ACCT XXXXXX9267;
ROLEX EXPLORER II WATCH;
TAG HEUER AQUARACER LADIES WATCH;
ROLEX SUB MARINER WATCH SEIZED FROM CHASE SAFE DEPOSIT BOX 6062-8;
$6,195.00 IN UNITED STATES CURRENCY;
$2,068.00 IN UNITED STATES CURRENCY;
$450.00 IN UNITED STATES CURRENCY;
LG 60" PLASMA TELEVISION, SERIAL #907RMAQ153088;
$2,994.00 IN UNITED STATES CURRENCY;
SEVENTEEN SILVER BARS AND NINE SILVER COINS;
EIGHT MISCELLANEOUS GOLD COINS AND ONE GOLD BAR;
FIFTY ONE-DOLLAR COINS;

$11,019.88 SEIZED FROM PUBLIC SERVICE CREDIT UNION ACCT XXXXXX3027;
$10,996.76 SEIZED FROM JP MORGAN CHASE BANK ACCT XXXXX0604;
$5,610.15 SEIZED FROM JP MORGAN CHASE BANK ACCT XXXXX2438;
$2,280.00 IN UNITED STATES CURRENCY;
GOLD AND DIAMOND BRACELET;
2007 TOYOTA TUNDRA SR5, VIN #5TFBV54137X024482;
$5,560.00 IN UNITED STATES CURRENCY;
$760.00 IN UNITED STATES CURRENCY;
SIX SILVER BARS;
$1,988.00 IN UNITED STATES CURRENCY;
$7,910.00 IN UNITED STATES CURRENCY; and
$6,500.00 SEIZED FROM US BANK SAFE DEPOSIT BOX 1794-1;

        Defendants.
_____

## APPLICATION FOR WRIT OF ENTRY
_____

The United States filed a Verified Complaint for Forfeiture *In Rem* for forfeiture of the following defendant real properties:

      a.    11843 Hannibal Street, Commerce City, Colorado, more particularly described as:

> LOT 11, BLOCK 2, THE VILLAGES AT BUFFALO RUN EAST, FILING NO. 1, COUNTY OF ADAMS, STATE OF COLORADO:

      b.    7361 Mad River Road, Mad River, California, more particularly described as:

> THAT REAL PROPERTY SITUATED IN THE COUNTY OF TRINITY, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:
>
> ALL THAT PORTION OF THE WEST HALF OF THE NORTHEAST QUARTER AND THE NORTH HALF OF THE SOUTHEAST QUARTER OF SECTION 19, TOWNSHIP 1 SOUTH, RANGE 7 EAST, H.B. & M., ACCORDING TO THE OFFICIAL PLAT THEREOF, DESCRIBED AS FOLLOWS:

PARCEL NO. 2 AS SHOWN ON THE PARCEL MAP FOR LOWELL E. STONE, FILED FOR RECORD IN THE OFFICE OF THE COUNTY RECORDER OF TRINITY COUNTY, CALIFORNIA ON MARCH 3, 1977 IN BOOK 9 OF MAPS AND SURVEYS AT PAGES 158 THROUGH 160.  EXCEPTING THEREFROM THE NORTHERLY PORTION OF SAID PARCEL NO. 2 DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE WEST LINE OF SAID PARCEL NO. 2 AT THE SOUTHERLY TERMINUS OF THE COURSE LABELED NORTH 20°33'45" EAST 325.00 FEET; THENCE ALONG SAID WEST LINE, NORTH 20°33'45" WEST 325.00 FEET; THENCE NORTH 43°10'45" WEST, 122.81 FEET; THENCE SOUTH 79°54'45" WEST 36.40 FEET; THENCE NORTH 60°01'45" WEST, 122.22 FEET TO THE NORTHWEST CORNER OF SAID PARCEL NO. 2; THENCE ALONG THE NORTH LINE OF SAID PARCEL NO. 2, NORTH 76°10'53" EAST, 156.22 FEET; THENCE NORTH 71°35'19" EAST 367.99 FEET TO THE NORTHEAST CORNER OF SAID PARCEL NO. 2; THENCE ALONG THE EAST LINE OF SAID PARCEL NO. 2, SOUTH 1°23'36" WEST, 330.74 FEET TO THE NORTHEAST 1/16TH CORNER; THENCE CONTINUING ALONG SAID EAST LINE SOUTH 1°25'32" WEST, 275.15 FEET MORE OR LESS TO A POINT ON SAID LINE BEARING SOUTH 88°34'28" EAST FROM THE POINT OF BEGINNING;
THENCE NORTH 88°34'28" WEST, 146.11 FEET MORE OR LESS TO THE POINT OF BEGINNING.

PURSUANT TO LOT LINE ADJUSTMENT #P-09-14 TOGETHER WITH A NON-EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS OVER THE EXISTING ROAD LEADING FROM THE LAND HEREIN DESCRIBED TO THE COUNTY ROAD, AS DESCRIBED IN THE DEED RECORDED NOVEMBER 1, 1978 IN BOOK 195 OF OFFICIAL RECORDS PAGE 763, TRINITY COUNTY RECORDS.

Based upon the Complaint, the United States respectfully moves this Court for a finding of probable cause and a Writ of Entry for the defendant real properties.

The United States does not request authority from the Court to seize the defendant real properties at this time.  The United States will, as provided by 18 U.S.C.

3

§§ 985(b)(1) and (c)(1), and Supplemental Rule for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions G(4):

1)   post notice of the Complaint in a conspicuous place on defendant real properties;

2)   serve notice of this action on the owner(s) of the defendant real properties along with a copy of the Verified Complaint;

3)   execute a Writ of Entry for the purpose of conducting an inspection and inventory of the properties; and

4)   record a *notice of lis pendens* in the county records.

5)   The United States will also, as provided in 19 U.S.C. § 1606, appraise the defendant real properties.

Title 18, United States Code, Section 985(c)(3) provides that, because the United States will post notice of the Complaint on the defendant real properties, it is not necessary for the Court to issue a Warrant for Arrest of Property *In Rem*, or to take any other action to establish *in rem* jurisdiction over the defendant real properties.  Title 18, United States Code, Section 985(b)(2) clearly states that "the filing of a *lis pendens* and the execution of a writ of entry for the purpose of conducting an inspection and inventory of the property shall not be considered a seizure under this subsection."

Therefore, the United States requests under 18 U.S.C. § 983(j), and under 18 U.S.C. § 985(b)(2) and Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions G(4), that the Court issue the proposed Writ of Entry filed herewith authorizing the United States or its designee, to enter the defendant real properties,

4

including any structures, on one or more occasions during the pendency of this civil *in rem* forfeiture action:

    1)    for the purpose of conducting an inspection, inventory, and appraisal of the defendant real properties, which inspection, inventory, and appraisal may include still and video photography; and

    2)    to be accompanied on any such occasion by any appraiser(s) selected by it to appraise the condition and value of the defendant real properties pursuant to 19 U.S.C. § 1606; and

    3)    to be accompanied on any such occasion by any government or contract personnel selected by it for the purpose of conducting an inventory of the defendant real properties; and

    4)    to be accompanied on any such occasion by federal, state, and local law enforcement officers selected by it to ensure the safety of any person acting under the Writ of Entry.

DATED this 1st day of June, 2012.

    Respectfully submitted,

    JOHN F. WALSH
    United States Attorney

By: s/ *Tonya S. Andrews*
    Tonya S. Andrews
    Assistant United States Attorney
    1225 17th Street, Suite 700
    Denver, Colorado 80202
    Telephone: (303) 454-0100
    E-mail: tonya.andrews@usdoj.gov
    *Attorney for Plaintiff*