IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   12-cv-01433-REB-MJW

UNITED STATES OF AMERICA,

Plaintiff,

v.

11843 HANNIBAL STREET, COMMERCE CITY, CO;
7361 MAD RIVER ROAD, MAD RIVER, CA;
2001 FORD F-250 XL, VIN #1FTNW21F01EA67656;
2000 VOLVO S80-16, VIN #YV1TS90DXY1094497;
$10,315.00 IN UNITED STATES CURRENCY;
$6,934.00 IN UNITED STATES CURRENCY;
$4,130.00 IN UNITED STATES CURRENCY;
$3,967.00 IN UNITED STATES CURRENCY;
$1,091.00 IN UNITED STATES CURRENCY;
$30,947.50 SEIZED FROM E-TRADE ACCT. XXXXXX8410;
$30,007.82 SEIZED FROM US BANK ACCT. XXXXXXXX1124;
$25,629.65 SEIZED FROM JP MORGAN CHASE BANK ACCT. XXXXXXX6097;
$19,680.12 SEIZED FROM FIRST BANK ACCT XXXXXX1991;
$16,019.66 SEIZED FROM CORE FIRST BANK & TRUST XXX7692;
$10,572.89 SEIZED FROM US BANK ACCT XXXXXXXX0439;
$6,200.50 SEIZED FROM EDWARD JONES ACCT XXXX4700-1-0;
$5,899.72 SEIZED FROM US BANK ACCT XXXXXXXX6172;
$5,666.93 SEIZED FROM US BANK ACCT XXXXXXXX0698;
$2,937.27 SEIZED FROM BELLCO CREDIT UNION ACCT XXXXX7138;
$1,125.31 SEIZED FROM BELLCO CREDIT UNION ACCT XXXXX7229;
$15,232.74 SEIZED FROM TCF NATIONAL BANK ACCT XXXXXX6528;
$5,525.59 SEIZED FROM PUBLIC SERVICE CREDIT UNION ACCT XXXXXX9267;
ROLEX EXPLORER II WATCH;
TAG HEUER AQUARACER LADIES WATCH;
ROLEX SUB MARINER WATCH SEIZED FROM CHASE SAFE DEPOSIT BOX 6062-8;
$6,195.00 IN UNITED STATES CURRENCY;
$2,068.00 IN UNITED STATES CURRENCY;
$450.00 IN UNITED STATES CURRENCY;
LG 60" PLASMA TELEVISION, SERIAL #907RMAQ153088;
$2,994.00 IN UNITED STATES CURRENCY;
SEVENTEEN SILVER BARS AND NINE SILVER COINS;
EIGHT MISCELLANEOUS GOLD COINS AND ONE GOLD BAR;
FIFTY ONE-DOLLAR COINS;
$11,019.88 SEIZED FROM PUBLIC SERVICE CREDIT UNION ACCT XXXXXX3027;
$10,996.76 SEIZED FROM JP MORGAN CHASE BANK ACCT XXXXX0604;

2

$5,610.15 SEIZED FROM JP MORGAN CHASE BANK ACCT XXXXX2438;
$2,280.00 IN UNITED STATES CURRENCY;
GOLD AND DIAMOND BRACELET;
2007 TOYOTA TUNDRA SR5, VIN #5TFBV54137X024482;
$5,560.00 IN UNITED STATES CURRENCY;
$760.00 IN UNITED STATES CURRENCY;
SIX SILVER BARS;
$1,988.00 IN UNITED STATES CURRENCY;
$7,910.00 IN UNITED STATES CURRENCY; and
$6,500.00 SEIZED FROM US BANK SAFE DEPOSIT BOX 1794-1;

Defendants.

---

## ORDER ON
## UNOPPOSED MOTION BY CLAIMANT CHRISTINA MCCARTHY TO STAY PROCEEDINGS (Docket No. 24)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter came before the Court on the Unopposed Motion by Claimant, Christina McCarthy (the "Claimant") to Stay Proceedings (Docket No. 24), filed on July 16, 2012.  This Court, having reviewed the motion, noting that it is unopposed and no other response has been received thereto,

FINDS AS FOLLOWS:

1. The Government is seeking forfeiture of the properties itemized above. The Claimant has filed her verified statement of claim (Doc. 23) and persists in her claim.

2. The Claimant currently faces criminal charges in Adams County, Colorado in case number 12CR530. The allegations in that case are similar or identical to the allegations made by the Government in support of this forfeiture.

3

3. 18 USC § 981 (g) (2) states:

> Upon the motion of a claimant, the court shall stay the civil
> forfeiture proceeding with respect to that claimant if the court
> determines that—
>> (A) the claimant is the subject of a related criminal
>> investigation or case;
>> (B) the claimant has standing to assert a claim in the civil
>> forfeiture proceeding; and
>> (C) continuation of the forfeiture proceeding will burden the
>> right of the claimant against self-incrimination in the related
>> investigation or case.

4. The Claimant has requested that these proceedings be stayed as:

a. the Claimant is the subject of a related criminal case directly

implicating the facts in this civil forfeiture proceeding;

b. the Claimant has standing to assert a claim in this civil forfeiture

proceeding; and

c. failure to continue this forfeiture proceeding will burden the right

of the Claimant against self-incrimination as guaranteed to her by

the Fifth Amendment to the United States Constitution in the related

case.

5. Under these circumstances, the Claimant cannot file a meaningful answer.

See e.g. *United States v. Parcels of Land*, 903 F.2d 36, 43 (1st Cir. 1990).

6. Courts should endeavor to accommodate the Claimant's Fifth Amendment

rights in forfeiture proceedings *United States v. A Certain Parcel of Land*, 781 F. Supp.

830, 834 (D.N.H. 1992) citing *United States v. Parcels of Land*, 903 F.2d 36, 44 (1st Cir.

1990).

4

7. Even in the general civil context it is recognized that the Fifth Amendment can and should be invoked where it may be implicated. The privilege against self-incrimination is jealously guarded by the courts. It protects an individual not only from involuntarily becoming a witness against herself in a criminal proceeding, but also from answering specific allegations in a complaint or filing responses to interrogatories in a civil action where the answers might incriminate her in future criminal actions. *North River Ins. Co. v. Stefanou*, 831 F.2d 484, 486-487 (4th Cir. 1987).

8. Counsel contacted AUSA Tonya Andrews regarding the relief requested in this motion and states that he has been authorized to represent that the Government does not oppose this motion.  The Government has not filed a response.

THEREFORE, IT IS ORDERED AS FOLLOWS:

The Unopposed Motion by Claimant, Christina McCarthy (the "Claimant") to Stay Proceedings (Docket No. 24) is hereby GRANTED.  These proceedings are STAYED as to Claimant Christina McCarthy, pending the outcome of the related criminal case concerning Claimant Christina McCarthy, pending in Adams County District court, case number 12 CR 530.  Claimant need not file an answer in this matter until further order of this Court.  Claimant shall advise the court by written notice within twenty days of the resolution of that case as far as it concerns her.

Date:  July 20, 2012                          s/ Michael J. Watanabe
          Denver, Colorado                    Michael J. Watanabe
                                              United States Magistrate Judge