IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 12-cv-01433-REB-MJW

UNITED STATES OF AMERICA,

Plaintiff,

v.

11843 HANNIBAL STREET, COMMERCE CITY, CO;
7361 MAD RIVER ROAD, MAD RIVER, CA;
2001 FORD F-250 XL, VIN #1FTNW21F01EA67656;
2000 VOLVO S80-16, VIN #YV1TS90DXY1094497;
$10,315.00 IN UNITED STATES CURRENCY;
$6,934.00 IN UNITED STATES CURRENCY;
$4,130.00 IN UNITED STATES CURRENCY;
$3,967.00 IN UNITED STATES CURRENCY;
$1,091.00 IN UNITED STATES CURRENCY;
$30,947.50 IN UNITED STATES CURRENCY;
$30,007.82 IN UNITED STATES CURRENCY;
$25,629.65 IN UNITED STATES CURRENCY;
$19,680.12 IN UNITED STATES CURRENCY;
$16,019.66 IN UNITED STATES CURRENCY;
$10,572.89 IN UNITED STATES CURRENCY;
$6,200.50 IN UNITED STATES CURRENCY;
$5,899.72 IN UNITED STATES CURRENCY;
$5,666.93 IN UNITED STATES CURRENCY;
$2,937.27 IN UNITED STATES CURRENCY;
$1,125.31 IN UNITED STATES CURRENCY;
$15,232.74 IN UNITED STATES CURRENCY;
$5,525.59 IN UNITED STATES CURRENCY;
ROLEX EXPLORER II WATCH;
TAG HEUER AQUARACER LADIES WATCH;
ROLEX SUB MARINER WATCH SEIZED FROM CHASE SAFE DEPOSIT BOX 6062-8;
$6,195.00 IN UNITED STATES CURRENCY;
$2,068.00 IN UNITED STATES CURRENCY;
$450.00 IN UNITED STATES CURRENCY;
LG 60" PLASMA TELEVISION, SERIAL #907RMAQ153088;
$2,994.00 IN UNITED STATES CURRENCY;
SEVENTEEN SILVER BARS AND NINE SILVER COINS;
EIGHT MISCELLANEOUS GOLD COINS AND ONE GOLD BAR;
FIFTY ONE-DOLLAR COINS;

$11,019.88 SEIZED FROM PUBLIC SERVICE CREDIT UNION ACCT XXXXXX3027;
$10,996.76 SEIZED FROM JP MORGAN CHASE BANK ACCT XXXXXX0604;
$5,610.76 SEIZED FROM JP MORGAN CHASE BANK ACCT XXXXXX2438;
$2,280.00 IN UNITED STATES CURRENCY;
GOLD AND DIAMOND BRACELET;
2007 TOYOTA TUNDRA SR5, VIN #5TFBV54137X024482;
$5,560.00 IN UNITED STATES CURRENCY;
$760.00 IN UNITED STATES CURRENCY;
SIX SILVER BARS;
$1,988.00 IN UNITED STATES CURRENCY;
$7,910.00 IN UNITED STATES CURRENCY;
$6,500.00 SEIZED FROM US BANK SAFE DEPOSIT BOX 1794-1;

Defendants.

---

## CLAIMANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR FORFEITURE *IN REM*

---

Pursuant to Federal Rule of Civil Procedure 8(b), Claimant Joanne S. Gleason, through undersigned counsel, hereby submits her answer to the allegations averred in Plaintiff's Complaint for Forfeiture *In Rem* ("Complaint"), and states as follows:

The numbered paragraphs in this Answer correspond to the paragraph numbers in Plaintiff's Complaint.

### JURISDICTION AND VENUE

1.      Claimant admits the allegations of jurisdiction in paragraph 1 of the Complaint.

2.      Claimant admits the allegations of venue in paragraph 2.

### DEFENDANT PROPERTY

3.

a.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(a), and therefore denies the allegations therein.

12-cv-00665

       b.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(b), and therefore denies the allegations therein.

       c.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(c), and therefore denies the allegations therein.

       d.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(d), and therefore denies the allegations therein.

       e.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(e), and therefore denies the allegations therein.

       f.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(f), and therefore denies the allegations therein.

       g.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(g), and therefore denies the allegations therein.

       h.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(h), and therefore denies the allegations therein.

       i.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(i), and therefore denies the allegations therein.

       j.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(j), and therefore denies the allegations therein.

       k.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(k), and therefore denies the allegations therein.

       l.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(l), and therefore denies the allegations therein.

12-cv-00665

m.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(m), and therefore denies the allegations therein.

n.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(n), and therefore denies the allegations therein.

o.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(o), and therefore denies the allegations therein.

p.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(p), and therefore denies the allegations therein.

q.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(q), and therefore denies the allegations therein.

r.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(r), and therefore denies the allegations therein.

s.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(s), and therefore denies the allegations therein.

t.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(t), and therefore denies the allegations therein.

u.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(u), and therefore denies the allegations therein.

v.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(v), and therefore denies the allegations therein.

w.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(w), and therefore denies the allegations therein.

12-cv-00665

x.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(x), and therefore denies the allegations therein.

y.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(y), and therefore denies the allegations therein.

z.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(z), and therefore denies the allegations therein.

aa.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(aa), and therefore denies the allegations therein.

bb.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(bb), and therefore denies the allegations therein.

cc.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(cc), and therefore denies the allegations therein.

dd.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(dd), and therefore denies the allegations therein.

ee.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(ee), and therefore denies the allegations therein.

ff.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(ff), and therefore denies the allegations therein.

gg.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(gg), and therefore denies the allegations therein.

hh.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(hh), and therefore denies the allegations therein.

12-cv-00665

ii.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(ii), and therefore denies the allegations therein.

jj.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(jj), and therefore denies the allegations therein.

kk.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(kk), and therefore denies the allegations therein.

ll.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(ll), and therefore denies the allegations therein.

mm.     Claimant admits the allegations in paragraph 3(mm).

nn.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(nn), and therefore denies the allegations therein.

oo.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(oo), and therefore denies the allegations therein.

pp.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(pp), and therefore denies the allegations therein.

qq.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(qq), and therefore denies the allegations therein.

rr.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(rr), and therefore denies the allegations therein.

ss.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 3(ss), and therefore denies the allegations therein.

## **FACTUAL BASIS FOR FORFEITURE**

4.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 4, and therefore denies the allegations therein.

## I. OVERVIEW OF CRIMINAL ACTIVITY

5.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 5, and therefore denies the allegations therein.

6.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 6, and therefore denies the allegations therein.

7.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 7, and therefore denies the allegations therein.

8.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 8, and therefore denies the allegations therein.

9.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 9, and therefore denies the allegations therein.

10.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 10, and therefore denies the allegations therein.

11.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 11, and therefore denies the allegations therein.

## II. CONFIDENTIAL SOURCE

12.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 12, and therefore denies the allegations therein.

13.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 13, and therefore denies the allegations therein.

12-cv-00665

14.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 14, and therefore denies the allegations therein.

### III. TEXAS TRAVELS

15.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 15, and therefore denies the allegations therein.

16.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 16, and therefore denies the allegations therein.

17.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 17, and therefore denies the allegations therein.

18.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 18, and therefore denies the allegations therein.

19.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 19, and therefore denies the allegations therein.

### IV. SEPTEMBER 3, 2011 SEIZURE

20.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 20, and therefore denies the allegations therein.

21.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 21, and therefore denies the allegations therein.

22.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 22, and therefore denies the allegations therein.

23.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 23, and therefore denies the allegations therein.

12-cv-00665

24.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 24, and therefore denies the allegations therein.

25.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 25, and therefore denies the allegations therein.

## V. TRASH RUNS

26.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 26, and therefore denies the allegations therein.

27.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 27, and therefore denies the allegations therein.

28.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 28, and therefore denies the allegations therein.

## VI. POSTAL INTERCEPTS

29.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 29, and therefore denies the allegations therein.

30.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 30, and therefore denies the allegations therein.

31.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 31, and therefore denies the allegations therein.

32.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 32, and therefore denies the allegations therein.

33.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 33, and therefore denies the allegations therein.

12-cv-00665

34.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 34, and therefore denies the allegations therein.

## VII. INTERCEPTED CALLS WITH MATTHEW ALDERMAN

35.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 35, and therefore denies the allegations therein.

36.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 36, and therefore denies the allegations therein.

37.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 37, and therefore denies the allegations therein.

38.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 38, and therefore denies the allegations therein.

39.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 39, and therefore denies the allegations therein.

40.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 40, and therefore denies the allegations therein.

## VII. INTERCEPTED CALLS WITH ROBERT GREGG

41.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 41, and therefore denies the allegations therein.

42.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 42, and therefore denies the allegations therein.

43.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 43, and therefore denies the allegations therein.

12-cv-00665

44.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 44, and therefore denies the allegations therein.

45.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 45, and therefore denies the allegations therein.

46.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 46, and therefore denies the allegations therein.

47.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 47, and therefore denies the allegations therein.

48.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 48, and therefore denies the allegations therein.

49.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 49, and therefore denies the allegations therein.

50.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 50, and therefore denies the allegations therein.

51.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 51, and therefore denies the allegations therein.

52.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 52, and therefore denies the allegations therein.

53.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 53, and therefore denies the allegations therein.

54.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 54, and therefore denies the allegations therein.

12-cv-00665

## IX. INTERCEPTED CALLS WITH DREW JEFFREY

55.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 55, and therefore denies the allegations therein.

56.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 56, and therefore denies the allegations therein.

57.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 57, and therefore denies the allegations therein.

58.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 58, and therefore denies the allegations therein.

59.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 59, and therefore denies the allegations therein.

60.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 60, and therefore denies the allegations therein.

## X. MARIJUANA GROW CARETAKERS

### A. Matthew MCCALLY

61.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 61, and therefore denies the allegations therein.

62.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 62, and therefore denies the allegations therein.

63.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 63, and therefore denies the allegations therein.

12-cv-00665

64.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 64, and therefore denies the allegations therein.

65.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 65, and therefore denies the allegations therein.

### B. Joseph SMITH

66.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 66, and therefore denies the allegations therein.

### C. Daniel CICHOWSKI

67.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 67, and therefore denies the allegations therein.

68.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 68, and therefore denies the allegations therein.

### XI. DISTRIBUTORS

### A. Philip LOBO

69.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 69, and therefore denies the allegations therein.

70.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 70, and therefore denies the allegations therein.

### B. Eric GLEASON

71.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 71, and therefore denies the allegations therein.

72.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 72, and therefore denies the allegations therein.

73.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 73, and therefore denies the allegations therein.

### C. Michael ALBERT

74.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 74, and therefore denies the allegations therein.

75.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 75, and therefore denies the allegations therein.

76.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 76, and therefore denies the allegations therein.

77.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 77, and therefore denies the allegations therein.

### XII. SEARCH & SEIZURE WARRANTS

78.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 78, and therefore denies the allegations therein.

### A. Grow Houses

### 29855 East 166th Avenue, Brighton, Colorado

79.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 79, and therefore denies the allegations therein.

### 9644  Race Way, Thornton, Colorado

12-cv-00665

80.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 80, and therefore denies the allegations therein.

### 14560 Lowell Boulevard, Broomfield, Colorado

81.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 81, and therefore denies the allegations therein.

### 2040 Tundra Circle, Erie, Colorado

82.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 82, and therefore denies the allegations therein.

### 11983 Elm Drive, Thornton, Colorado

83.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 83, and therefore denies the allegations therein.

### 594 Branding Iron Court, Brighton, Colorado

84.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 84, and therefore denies the allegations therein.

### 170 West Midway Boulevard, Broomfield, Colorado

85.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 85, and therefore denies the allegations therein.

### 3263 West 29th Avenue, Denver, Colorado

86.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 86, and therefore denies the allegations therein.

### 4726 Red Deer Trail, Broomfield, Colorado

87.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 87, and therefore denies the allegations therein.

### 2849 Hazel Court, Denver, Colorado

88.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 88, and therefore denies the allegations therein.

### 6292 Barton Road, Breckenridge, Colorado

89.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 89, and therefore denies the allegations therein.

### 7620 East 130th Avenue, Thornton, Colorado

90.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 90, and therefore denies the allegations therein.

### Defendant 11843 Hannibal Street, Commerce City, Colorado

91.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 91, and therefore denies the allegations therein.

92.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 92, and therefore denies the allegations therein.

### Defendant 7361 Mad River Road, Mad River, California

93.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 93, and therefore denies the allegations therein.

94.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 94, and therefore denies the allegations therein.

95.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 95, and therefore denies the allegations therein.

### B. Additional Seizures

96.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 96, and therefore denies the allegations therein.

### Drew Jeffrey

97.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 97, and therefore denies the allegations therein.

a.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 79(a), and therefore denies the allegations therein.

b.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 79(b), and therefore denies the allegations therein.

c.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 79(c), and therefore denies the allegations therein.

d.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 79(d), and therefore denies the allegations therein.

e.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 79(e), and therefore denies the allegations therein.

f.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 79(f), and therefore denies the allegations therein.

g.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 79(g), and therefore denies the allegations therein.

      h.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 79(h), and therefore denies the allegations therein.

      i.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 79(i), and therefore denies the allegations therein.

      j.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 79(j), and therefore denies the allegations therein.

      k.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 79(k), and therefore denies the allegations therein.

      l.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 79(l), and therefore denies the allegations therein.

      m.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 79(m), and therefore denies the allegations therein.

      n.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 79(n), and therefore denies the allegations therein.

### Jordan Buehrer

98.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 98, and therefore denies the allegations therein.

99.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 99, and therefore denies the allegations therein.

      a.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 98(a), and therefore denies the allegations therein.

12-cv-00665

      b.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 98(b), and therefore denies the allegations therein.

      c.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 98(c), and therefore denies the allegations therein.

**Matthew McCally**

100.    Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 100, and therefore denies the allegations therein.

**Daniel Cichoski**

101.    Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 101, and therefore denies the allegations therein.

**Joseph Smith**

102.    Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 102, and therefore denies the allegations therein.

**Robert Gregg**

103.    Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 103, and therefore denies the allegations therein.

**XIII. LEGAL INCOME INFORMATION**

104.    Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 104, and therefore denies the allegations therein.

      a.     Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 104(a), and therefore denies the allegations therein.

b.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 104(b), and therefore denies the allegations therein.

c.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 104(c), and therefore denies the allegations therein.

d.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 104(d), and therefore denies the allegations therein.

e.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 104(e), and therefore denies the allegations therein.

f.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 104(f), and therefore denies the allegations therein.

g.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 104(g), and therefore denies the allegations therein.

h.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 104(h), and therefore denies the allegations therein.

i.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 104(i), and therefore denies the allegations therein.

j.      Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 104(j), and therefore denies the allegations therein.

## XIV. CRIMINAL CHARGES

106.    Claimant lacks sufficient knowledge to admit or denies the allegations averred in paragraph 106, and therefore denies the allegations therein.

## XV. CONCLUSION

12-cv-00665

107.    Claimant lacks sufficient knowledge to admit or deny the allegations averred in paragraph 107, and therefore denies the allegations therein.

Claimant hereby denies each and every allegation in Plaintiffs' Complaint not previously admitted or otherwise responded to in this Answer.

### FIRST DEFENSE

108.    Claimant is an innocent owner of the defendant property, a 2007 TOYOTA TUNDRA SR5, VIN #5TFBV54137X024482.

### SECOND DEFENSE

109.    The Controlled Substances Act ("CSA"), under which this *in rem* forfeiture is authorized, prescribes mandatory criminal and civil punitive sanctions for the primary purpose of preventing drug abuse, a disease, thereby violating claimant's fundamental right to refuse unwanted medical treatment, including preventative treatment of drug abuse.  *Cruzan v. Director, Missouri Dept. of Health*, 497 U.S. 261, 110 S.Ct. 2841, 111 L.Ed.2d 224, 58 USLW 4916 (1990).

### THIRD DEFENSE

110.    The CSA violates the First Amendment protected right to receive information and ideas. See *Winters* v. *New York*, 333 U.S. 507, 510 (1948), *Martin* v. *City of Struthers*, 319 U.S. 141, 143 (1943); see *Griswold* v. *Connecticut*, 381 U.S. 479, 482 (1965); *Lamont* v. *Postmaster General*, 381 U.S. 301, 307-308 (1965) (BRENNAN, J., concurring); cf. *Pierce* v. *Society of Sisters*, 268 U.S. 510 (1925).

111.    Psychoactive substances such as marijuana impart chemical information upon individuals. The Supreme Court has recognized the right to receive information, necessary for

the development of thoughts, ideas, and, ultimately speech, as a fundamental right, enshrined in the First Amendment.  "[The] freedom [of speech and press] . . . necessarily protects the right to receive . . . ." *Martin* v. *City of Struthers*, 319 U.S. 141, 143 (1943); see also *Griswold* v. *Connecticut*, 381 U.S. 479, 482 (1965); *Lamont* v. *Postmaster General*, 381 U.S. 301, 307-308 (1965); *Pierce* v. *Society of Sisters*, 268 U.S. 510 (1925). "[T]he basic principles of freedom of speech . . . do not vary" with a new and different communication medium. *Joseph Burstyn, Inc.* v. *Wilson*, 343 U. S. 495, 503 (1952). The most basic principle—that government lacks the power to restrict expression because of its message, ***ideas***, subject matter, or content is subject to a few limited exceptions for historically unprotected speech. *Ashcroft* v. *American Civil Liberties Union*, 535 U. S. 564, 573 (2002). (emphasis added).

### FOURTH DEFENSE

112.    The forfeiture of this currency and property would be unconstitutionally excessive and grossly disproportionate punishment in violation of the Eighth Amendment's Excessive Fines Clause.  *Austin v. United States*, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488, 61 USLW 4811 (1993).

### FIFTH DEFENSE

113.    The government's actions seeking forfeiture of the defendant property violate claimant' rights under the Fifth Amendment's substantive and procedural due process clauses.

### SIXTH DEFENSE

114.    The government's forfeiture proceedings are barred for failing to state a claim upon which relief may be granted pursuant to F.R.C.P. 12(b)(6).

### JURY DEMAND

12-cv-00665

Claimant hereby demands a trial by a jury on all issues and defenses.

WHEREFORE, claimant respectfully requests:

1. That this action be dismissed;

2. That claimant be awarded reasonable attorney fees; and

3. For such other and further relief as may be deemed just and proper.

Dated this 30th day of July, 2012          Respectfully submitted,


                                           */s/ Travis B. Simpson*
                                           Travis B. Simpson

                                           The Law Office of Robert J. Corry, Jr. & Associates
                                           600 17th St. Suite 2800 South Tower
                                           Denver, Colorado 80202
                                           Tel.: (303) 634-2244
                                           Fax: (303) 260-6401
                                           E-Mail: TravisBSimpson@Gmail.com

                                           Attorney for Claimant;

                                           Joanne S. Gleason

## <u>Certificate of Service</u>

I certify that on the <u>30th</u> day of <u>July</u> 2012, I

☐   placed in the United States mail, postage prepaid and properly sealed and addressed,

☐   sent with an authorized agent,

☐   sent by facsimile, with original mailed,

☐   hand delivered

☒   sent by Pacer/ECF, with original mailed,

a true and complete copy of the foregoing **CLAIMANT' ANSWER TO PLAINTIFF'S COMPLAINT FOR FORFEITURE *IN REM*** to**:**

Tonya S. Andrews
Assistant United States Attorney
1225 Seventeenth Street, Ste. 700
Denver, Colorado 80202
Tel: (303) 454-0100
Email: tonya.andrews@usdoj.gov

Attorney for United States of America

By:  */s/ Travis B. Simpson*