**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-01433-REB-MJW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

11843 HANNIBAL STREET, COMMERCE CITY, CO; *et al.*,

    Defendants.

## ORDER GRANTING UNITED STATES' MOTION TO STRIKE
## CLAIMANT GLEASON'S SECOND AND THIRD DEFENSES

**Blackburn, J.**

The matter before me is the **United States' Motion To Strike Claimant Gleason's Second and Third Defenses** [#44],[1] filed August 15, 2012. Claimant has filed no response. I grant the motion.

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense . . ."[2] "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." **United States v. Smuggler–Durant Mining Corp.**, 823 F.Supp. 873, 875 (D. Colo. 1993). "[A] defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be

---

[1] "[#44]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] The government has filed its motion within the deadline provided by Fed. R. Civ. P. 12(f)(2).

deleted."  5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1381 at 665 (2nd ed. 1990).  Although striking matter from a pleading is considered a drastic remedy and thus generally disfavored, *see Sender v. Mann*, 423 F.Supp.2d 1155, 1163 (D. Colo. 2006), the decision whether to do so rests in the sound discretion of the court, **Federal Deposit Insurance Corp. v. Isham**, 782 F.Supp. 524, 530 (D. Colo. 1992).

The two affirmative defenses implicated by this motion both invoke the Controlled Substances Act, 21 U.S.C. §§ 801 - 971 (the "CSA" or the "Act"), which comprises Title II of The Comprehensive Drug Abuse Prevention and Control Act of 1970.  Intended to "conquer drug abuse and to control the legitimate and illegitimate traffic in controlled substances," the CSA was devised as

> closed regulatory system making it unlawful to manufacture, distribute, dispense, or possess any controlled substance except in a manner authorized by the CSA.  The CSA categorizes all controlled substances into five schedules.  The drugs are grouped together based on their accepted medical uses, the potential for abuse, and their psychological and physical effects on the body.  Each schedule is associated with a distinct set of controls regarding the manufacture, distribution, and use of the substances listed therein.  The CSA and its implementing regulations set forth strict requirements regarding registration, labeling and packaging, production quotas, drug security, and recordkeeping.

**Gonzales v. Raich**, 545 U.S. 1, 12-14, 125 S.Ct. 2195, 2203-04, 162 L.Ed.2d 1 (2005) (internal citations and footnote omitted).

By her second affirmative defense, claimant asserts that the CSA, pursuant to which forfeiture *in rem* is sought in this matter, violates her "fundamental right to refuse

unwanted medical treatment, including preventative treatment of drug abuse." (**Clmt's Answer** ¶ 109 at 21 [#35], filed July 30, 2012.)  Nothing in the CSA, however, suggests that it is intended to treat drug abuse or prescribe medical treatment.³  Instead, the purpose of the Act was "to strengthen existing law enforcement authority in the field of drug abuse." ***United States v. Kuck***, 573 F.2d 25, 28 (10th Cir. 1978) (citation and internal quotation marks omitted).⁴  This defense therefore will be stricken.

Claimant's third affirmative defense asserts that the CSA violates her First Amendment right to receive the information and ideas that psychoactive substances such a marijuana impart.  (***See* Clmt's Answer** ¶¶ 110-111 at 21-22.)  Assuming *arguendo* the truth of claimant's premise, which appears exceedingly tenuous in any event, the First Amendment does not protect speech that constitutes "an integral part of conduct in violation of a valid criminal statute." ***Giboney v. Empire Storage & Ice Co.***, 336 U.S. 490, 498, 69 S.Ct. 684, 688-89, 93 L.Ed. 834 (1949).  "The fantasies of a drug addict are his own and beyond the reach of government, but government regulation of drug sales is not prohibited by the Constitution." ***Paris Adult Theatre I v. Slaton***, 413 U.S. 49, 67-68, 93 S.Ct. 2628, 2641, 37 L.Ed.2d 446 (1973).  This defense therefore also will be stricken.

---

³ By comparison, Title I of the Comprehensive Drug Abuse Prevention and Control Act of 1970 relates to the prevention and treatment of narcotic addicts through the Department of Health and Human Services.  ***See Gonzales***, 125 S.Ct. at 2203 n.19.

⁴ I further agree with the government that claimant has no fundamental right to access narcotics on which enforcement of the CSA would infringe, and, thus, adopt the arguments advanced and authorities cited in its motion on this issue.  (***See* Motion** at 6 [#44], filed August 15, 2012.)  ***See Pearson v. McCaffrey***, 139 F.Supp.2d 113, 123 (D.D.C. 2001) ("[N]o court has recognized a fundamental right to sell, distribute, or use marijuana.")

**THEREFORE, IT IS ORDERED** as follows:

1. That the **United States' Motion To Strike Claimant Gleason's Second and Third Defenses** [#44], filed August 15, 2012, is **GRANTED**; and

2. That the Second Defense and Third Defense, set forth at paragraphs 109-111, page 21-22 of **Claimant's Answer to Plaintiff's Complaint for Forfeiture *In Rem*** [#35], filed July 30, 2012, are **STRICKEN**.

Dated November 5, 2012, at Denver, Colorado.

**BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge