IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No.  12-cv-01433-REB-MJW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

11843 HANNIBAL STREET, COMMERCE CITY, CO;
7361 MAD RIVER ROAD, MAD RIVER, CA;
2001 FORD F-250 XL, VIN #1FTNW21F01EA67656;
2000 VOLVO S80-16, VIN #YV1TS90DXY1094497;
$10,315.00 IN UNITED STATES CURRENCY;
$6,934.00 IN UNITED STATES CURRENCY;
$4,130.00 IN UNITED STATES CURRENCY;
$3,967.00 IN UNITED STATES CURRENCY;
$1,091.00 IN UNITED STATES CURRENCY;
$30,947.50 SEIZED FROM E-TRADE ACCT. XXXXXX8410;
$30,007.82 SEIZED FROM US BANK ACCT. XXXXXXXX1124;
$25,629.65 SEIZED FROM JP MORGAN CHASE BANK ACCT. XXXXXXX6097;
$19,680.12 SEIZED FROM FIRST BANK ACCT XXXXXX1991;
$16,019.66 SEIZED FROM CORE FIRST BANK & TRUST XXX7692;
$10,572.89 SEIZED FROM US BANK ACCT XXXXXXXX0439;
$6,200.50 SEIZED FROM EDWARD JONES ACCT XXXX4700-1-0;
$5,899.72 SEIZED FROM US BANK ACCT XXXXXXXX6172;
$5,666.93 SEIZED FROM US BANK ACCT XXXXXXXX0698;
$2,937.27 SEIZED FROM BELLCO CREDIT UNION ACCT XXXXX7138;
$1,125.31 SEIZED FROM BELLCO CREDIT UNION ACCT XXXXX7229;
$15,232.74 SEIZED FROM TCF NATIONAL BANK ACCT XXXXXX6528;
$5,525.59 SEIZED FROM PUBLIC SERVICE CREDIT UNION ACCT XXXXXX9267;
ROLEX EXPLORER II WATCH;
TAG HEUER AQUARACER LADIES WATCH;
ROLEX SUB MARINER WATCH SEIZED FROM CHASE SAFE DEPOSIT BOX 6062-8;
$6,195.00 IN UNITED STATES CURRENCY;
$2,068.00 IN UNITED STATES CURRENCY;
$450.00 IN UNITED STATES CURRENCY;
$2,994.00 IN UNITED STATES CURRENCY;
SEVENTEEN SILVER BARS AND NINE SILVER COINS;
EIGHT MISCELLANEOUS GOLD COINS AND ONE GOLD BAR;
FIFTY ONE-DOLLAR COINS;
$11,019.88 SEIZED FROM PUBLIC SERVICE CREDIT UNION ACCT XXXXXX3027;
$10,996.76 SEIZED FROM JP MORGAN CHASE BANK ACCT XXXXX0604;
$5,610.15 SEIZED FROM JP MORGAN CHASE BANK ACCT XXXXX2438;

$2,280.00 IN UNITED STATES CURRENCY;
GOLD AND DIAMOND BRACELET;
2007 TOYOTA TUNDRA SR5, VIN #5TFBV54137X024482;
$5,560.00 IN UNITED STATES CURRENCY;
$760.00 IN UNITED STATES CURRENCY;
SIX SILVER BARS;
$1,988.00 IN UNITED STATES CURRENCY;
$7,910.00 IN UNITED STATES CURRENCY; and
$6,500.00 SEIZED FROM US BANK SAFE DEPOSIT BOX 1794-1;

Defendants.

## ORDER ADOPTING RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

The matter before me is the magistrate judge's **Recommendation Regarding The United States' Motion for Default and Final Order of Forfeiture as to Certain Defendants** [#58],[1] filed March 19, 2013. No objection having been filed, I review the recommendation for plain error only. *See **Morales-Fernandez v. Immigration & Naturalization Service***, 418 F.3d 1116, 1122 (10th Cir. 2005). Finding no such error in the magistrate judge's recommended disposition, I find and conclude that the recommendation should be approved and adopted. I further find and conclude that there is no just reason for delay and therefore that this order should be made final pursuant to Fed. R. Civ. P. 54(b).[2]

---

[1] "[#58]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] After considering carefully all factors relevant to certification of a final judgment under Fed. R. Civ. P. 54(b) as codified and construed, *see, e.g.*, ***Stockman's Water Co., LLC v. Vaca Partners, L.P.***, 425 F.3d 1263 (10th Cir. 2005); ***Oklahoma Turnpike Authority v. Bruner***, 259 F.3d 1236 (10th Cir. 2001), I conclude and determine expressly 1) that there is no just reason for delay and 2) that the judgment should be certified as a final judgment. *See **Curtiss-Wright Corp. v. General Electric Co.***, 446 U.S. 1, 7,

**THEREFORE, IT IS ORDERED** as follows:

1. That the magistrate judge's **Recommendation Regarding The United States' Motion for Default and Final Order of Forfeiture as to Certain Defendants** [#58], filed March 19, 2013, is **APPROVED AND ADOPTED** as an order of this court;

2. That the government's **Motion for Default and Final Order of Forfeiture as to Certain Defendants** [#56], filed March 18, 2013, is **GRANTED**;

3. That pursuant to 21 U.S.C. § 881, default and forfeiture, including all right, title, and interest, is **ENTERED** in favor of plaintiff, the United States, and against defendants, $2,280.00 in United States Currency; gold and diamond bracelet; $5,560.00 in United States Currency; $760.00 in United States Currency; six silver bars; $1,988.00 in United States Currency; and $7,910.00 in United States Currency;

4. That plaintiff, United States, **SHALL HAVE** full and legal title to defendants, $2,280.00 in United States Currency; gold and diamond bracelet; $5,560.00 in United States Currency; $760.00 in United States Currency; six silver bars; $1,988.00 in United States Currency; and $7,910.00 in United States Currency, and may dispose of said property in accordance with law;

---

100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980); **Stockman's Water Co.**, 425 F.3d at 1265. Entry of a final judgment will resolve fully and finally the only dispute between the parties to this motion. In the specific context of the claims of the government against the defendants implicated by the present order, my order and concomitant judgment constitute "an ultimate disposition of an individual claim entered in the course of a multiple claims action." **Oklahoma Turnpike Authority**, 259 F.3d at 1242 (internal quotation marks and citation omitted). Contrastingly, without entry of a final judgment, defendants may not appeal my order until the myriad separable issues and claims involving other defendants are resolved. There is no just reason to delay possible appellate review of my discreet order concerning this discreet motion involving discreet claims until I have resolved conclusively all other pending claims and issues extant among the parties. **See id.**

5. That pursuant to 28 U.S.C. § 2465, this default and final order **SHALL SERVE** as a Certificate of Reasonable Cause as to defendants, $2,280.00 in United States Currency; gold and diamond bracelet; $5,560.00 in United States Currency; $760.00 in United States Currency; six silver bars; $1,988.00 in United States Currency; and $7,910.00 in United States Currency, under 28 U.S.C. § 2465;

6. That judgment **SHALL ENTER** in favor of plaintiff, the United States of America, and against defendants, $2,280.00 in United States Currency; gold and diamond bracelet; $5,560.00 in United States Currency; $760.00 in United States Currency; six silver bars; $1,988.00 in United States Currency; and $7,910.00 in United States Currency, as set forth herein;

7. That defendants, $2,280.00 in United States Currency; gold and diamond bracelet; $5,560.00 in United States Currency; $760.00 in United States Currency; six silver bars; $1,988.00 in United States Currency; and $7,910.00 in United States Currency, are **DROPPED** as named parties to this action, and the case caption **AMENDED** accordingly; and

8. That there being no just reason for delay, this order is expressly made final pursuant to Fed. R. Civ. P. 54(b); and

Dated April 8, 2013, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge